IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-CR-00195-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH MEYER PLATT,

    Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on May 23, 2018 . The court has taken judicial notice of the court's file and the pretrial services report. In addition, the court has considered the testimony and credibility of Special ATF Agent Larry Antonio Bazin and the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the Defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)   [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including –

   (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report

and the entire court file. In addition, the court has considered the testimony and credibility of Special ATF Agent Larry Antonio Bazin and the proffers by the defendant and the government.  Lastly, I have considered the arguments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

    First, the defendant has been charged in the Indictment as follows:

    Count 1:  Distribution of a Schedule I Controlled Substance to wit: 2,4-Methylenedioxymethampthetamine (MDMA) in violation of 21 U.S.C. §§ 841(a)(1) and  841(b)(1)(c);

    Counts 2: Distribution of a Schedule II Controlled Substance to wit: Cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B)(ii); and,

    Count 3:   Possession of a Firearm During and Furtherance of Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A).

    Second, I find that the rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3) and (f) based upon the charges brought in the Indictment.

    Third, I find that probable cause exists that defendant committed the crimes charged in the Indictment.

    Fourth, I find that defendant is age 23 and is currently unemployed. Defendant has no assets or income. Defendant's parents support him financially and they pay all of his expenses.  Defendant has suffered a ruptured disc in his back at L5 S1 which required emergency surgery when he was in the 7th grade.  In 2009, defendant was diagnosed with anxiety and in 2012 he was diagnosed with Bipolar Disorder.  Defendant is currently being  treated weekly by Psychiatrist, Dr. Peter Kleinman. Defendant is being prescribed Klonopin to treat his anxiety. Defendant has been previously hospitalized for "horrible mood swings".  Defendant has had suicide threats in the past according to defendant's mother with a knife in his hand.  Defendant's parents advised pretrial release that defendant had suffered a nervous breakdown in October of 2017.

Fifth, I find that defendant has a history of substance abuse. Defendant started using alcohol beginning at age 17; marijuana at age 15 and was using marijuana the night before he was arrested in this case; Ecstacy at age 19; Cocaine at age 18 and was using cocaine within a week of the pretrial services report; and LSD at age 16. Defendant has recently used cocaine and marijuana while being on Klonopin coupled with his mental health history is a formula for disaster. Defendant was placed on a Deferred Judgment and Sentence for Felony Menacing-Real or Simulated Weapon (felony) and he completed his DJ&S successfully. Defendant has suffered convictions for Failure to Display Proof of Insurance;; Driver's License-Permit Unauthorized Minor to Drive [two separate convictions]; Speeding 10-19 MPH over the posted speed limit [four separate convictions]; Speeding Too Fast for Conditions; and other traffic convictions as outline on page 7 or the pretrial services report dated May 21, 2018. Defendant has suffered one prior failure to appear which resulted in a warrant being issued. Lastly,

Sixth, I find that the weight of the evidence is substantial against the defendant . At the time when the search warrant was executed on the defendant's home, the defendant had a handgun in his hand when the Boulder Police Swap Team entered the home. There was over 500 Grams of Cocaine found in the home and four weapons were found along with approximately 3,000 rounds of ammunition.

In light of these facts, I find, by clear and convincing evidence, that defendant is a flight risk and a danger to the community and that there is no condition or combination of conditions of release that will reasonably assure his presence in court and the safety of the community. Accordingly, I order that the defendant be detained without bond**.**

Done this 23rd day of May 2018.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge