IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 18-cr-195-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JOSEPH MEYER PLATT,

    Defendant.

---

**ORDER DENYING MOTION TO REDUCE SENTENCE
PURSUANT TO FIRST STEP ACT OF 2018**

---

Before the Court is *pro se* Defendant Joseph Meyer Platt's Motion to Reduce Sentence Pursuant to First Step Act of 2018 ("Motion"). (ECF No. 182.) The Government filed a response in opposition. (ECF No. 185.) Platt filed a reply. (ECF No. 186.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

On March 13, 2019, Platt pleaded guilty to knowingly and intentionally possessing approximately 567 grams of cocaine with the intent to distribute it, and to knowingly carrying and using a firearm, during and in relation to his drug trafficking crime. (*See* ECF Nos. 125–26.) On July 19, 2019, the Court sentenced him to 96 months' imprisonment and four years' supervised release following imprisonment. (ECF No. 175.)

Platt has been in custody since his arrest on May 16, 2018. (*See* ECF No. 4.) Thus, as of today, Platt has served approximately 59 months of his sentence.

On June 29, 2018, Platt filed a Motion for Review of Detention Order based on his pain and addiction. (ECF No. 22.) On May 7, 2019, he filed another motion to modify detention (ECF No. 134), and on May 17, 2019, the Court found that Platt had failed to establish "exceptional circumstances" as required by 18 U.S.C. § 3145(c) in order to be released from pretrial confinement. (ECF No. 138.)

Platt filed his fourth motion seeking compassionate release pursuant to the First Step Act of 2018 on May 11, 2020. (ECF No. 177.) That motion was filed approximately 22 months into his period of confinement. In that motion, Platt reiterated the exact same arguments made in his previous motions and at the time of sentencing. On July 8, 2020, the Court found the requested release inappropriate and denied the motion. (ECF No. 181).

Here, in his fifth motion seeking release from confinement, Platt asserts that his drug addiction and willingness to undergo drug treatment should qualify as an "extraordinary circumstances" and that he still fears contracting COVID-19 while incarcerated. (ECF No. 182.) The Government points out (ECF No. 185 at 3) that this Motion is "literally identical" to his previous motion seeking release from confinement—raising the exact same issues—except that Defendant has served more time. (*Compare* ECF No. 177 *with* ECF No. 182; *see* ECF No. 185 at 1.)

## II. ANALYSIS

Platt invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—

2

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

### A.     Failure to Exhaust Administrative Remedies

The Government emphasizes that Platt did not exhaust his administrative remedies, nor does he purport to have done so in his Motion. (ECF No. 185 at 4.) Therefore, the Government argues that Platt has failed to satisfy a statutory prerequisite for the Court to consider the merits of the Motion and the Motion should be denied. (*Id.* at 4–5.)

Despite Platt's purported failure to exhaust his administrative remedies, the Court will assume for the purposes of this Order that he has done so.

### B.     Extraordinary and Compelling Circumstances

The Court first considers whether extraordinary and compelling circumstances justify Defendant's release. *See* 18 U.S.C. § 3582(c). In making this determination, the

Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, 851 F. App'x 848 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements. *Id.* at 853–54; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Platt argues that he is a young man, anxious to resume his life by applying to college and entering an outpatient rehabilitation drug program. (ECF No. 182 at 1.) He states that both rehabilitative needs are unavailable at Englewood FCI, where he is incarcerated. (*Id.*) He asserts that he is not a danger to the community. (*Id.*)

As he did in his previous motion for compassionate release, Platt again relies on the April 19, 2019 letter of Dr. Doris Gundersen, the psychiatrist he retained to evaluate him during the prosecution. (*Id.* at 3.) She noted that Platt suffers from chronic pain and depression, both of which can reduce the immune system's effectiveness in fighting disease. (ECF No. 171-1 at 1.) Dr. Gunderson therefore opined "with reasonable medical certainty that Mr. Platt is at heightened risk for contracting COVID19 with potentially lethal consequences." (*Id.* at 2.) Platt is currently 28 years old. (See ECF No. 139 at 3.)

The Court has considered Platt's complaints authority upon which he relies in the Motion. The Court already "seriously considered" Dr. Gunderson's opinion in ruling on Platt's previous motion for compassionate release and concluded that it was "insufficient under the circumstances." (ECF No. 181 at 5.) Now, almost three years later, the Court

finds that Platt has provided no reason for the Court to reconsider its position on the same medical opinion. Even if Platt's chronic pain and depression somewhat impair his immune system, the Court cannot find on this record that he is so immunocompromised as to be at risk of a severe case of COVID-19, assuming he becomes infected. He does not allege that he requested the COVID-19 vaccine and was denied it, which the Government points out would be untrue. (ECF No. 185 at 6.) In *United States v. McRae*, the Tenth Circuit stated that "[g]iven the effectiveness of COVID-19 vaccines, we agree with the Sixth and Seventh Circuits that 'a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction.'" 2022 WL 803978, at *2 (10th Cir. 2022) (citations omitted).

Moreover, risk of infection appears much lower today than it did when Platt filed his motion. The BOP website shows that Englewood FCI has one inmate currently testing positive for the virus, no staff currently testing positive, two inmate deaths attributed to the virus, no staff deaths attributed to the virus, 385 inmates deemed "recovered," and 139 staff likewise deemed "recovered." See "BOP COVID-19 Statistics" (table), at https://www.bop.gov/coronavirus/covid19_statistics.html (last accessed April 17, 2023). The Court recognizes that additional waves of the virus may continue to threaten the facility. However, vaccines are widely available, conditions appear to be stable, and the BOP now has much greater experience dealing with COVID-19.

Exercising its discretion, the Court is not convinced that extraordinary and compelling circumstances exist. Assuming, however, that Platt's health conditions

constitute extraordinary and compelling circumstances, the Court proceeds to the question of whether the sentencing factors set forth in § 3553(a) weigh in favor of Platt's release.

## C.    § 3553(a) Factors

Even if the Court found extraordinary circumstances in Platt's case (which it does not), the Court would need to find that the 18 U.S.C. § 3553(a) factors weigh in favor of a 59-month prison sentence. *See* 18 U.S.C. § 3582(c)(1)(A). They do not. As the Court explained at Platt's sentencing hearing, law enforcement officers raided Platt's residence and found 567 grams of cocaine, 1,161 grams of MDMA, other narcotics, about $9,700 in cash, three firearms, and nearly 3,000 rounds of ammunition. Obviously these items had not simply fallen into Platt's hands that day—they are evidence of his large-scale drug distribution activities for months or years prior. But even the 567 grams of cocaine seized at his residence would be enough for roughly 5,000 to 22,000 individual-use doses. And Platt was prepared to protect this stash with an Uzi pistol, two 9 mm semi-automatic pistols, and a shotgun.

Moreover, the Court found at Platt's sentencing hearing that his Guidelines range (taking the two Counts together) was 84–132 months. The Court partially granted a motion for downward variance to arrive at the 96-month total sentence.

At a minimum, then, reducing Platt's term of imprisonment to 59 months would not "reflect the seriousness of the offense, . . . promote respect for the law, [or] provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); would not "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and would provide a grossly "unwarranted sentence disparit[y] [as compared to] defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

For all of these reasons, compassionate release remains inappropriate in Platt's case.

### III. CONCLUSION

For the reasons set forth above, Defendant Joseph Meyer Platt's Motion for Compassionate Release (ECF No. 182) is DENIED.

Dated this 18th day of April, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge